**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DEBORAH LAUBSCHER and ROBERT LAUBSCHER, as surviving parents of DANI LAUBSCHER,<br><br>*Plaintiffs,*<br><br>*v.*<br><br>GWINNETT COUNTY,<br><br>*Defendant.* | CIVIL ACTION FILE NO.<br>1:24-cv-1891-LMM |

**DEFENDANT'S MOTION TO STAY AND BRIEF IN SUPPORT**

Defendant Gwinnett County moves to stay the proceedings, including all disclosure and planning conferences set forth in Fed. R. Civ. P. 16 and 26, pending adjudication of its motion to dismiss now pending before this Court (Doc. 12). In support of this motion, Defendant shows this Court the following.

**BACKGROUND**

Defendant has moved to dismiss all of Plaintiffs Deborah Laubscher and Robert Laubscher's claims. Doc. 12. Specifically, Plaintiffs' complaint fails to state a claim. *See id*. A ruling in Defendant's favor would resolve the entire case against it, thus making discovery unnecessary. In order to avoid the potentially unnecessary costs and burdens of litigation, Defendant asks that

discovery, including all disclosures and planning conferences required under Fed. R. Civ. P. 16 and 26, be stayed pending a ruling on Defendant's motion to dismiss.

## ARGUMENT

Federal Rule 26(d) gives the Court broad discretion to alter the sequence of discovery "for the convenience of the parties . . . and in the interests of justice." Fed. R. Civ. P. 26(d); s*ee also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558-59 (11th Cir. 1985) (district court has "broad discretion to stay discovery until the district court rules on a pending dispositive motion"). The Court should stay all discovery in the interests of efficiency and justice through its powers under Fed. R. Civ. P. 26 and issue a stay relieving Defendant from having to exert any additional resources pending a ruling on its motion to dismiss. *See Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (trial court properly stayed discovery pending ruling on motion to dismiss); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (holding "facial challenges to the legal sufficiency of the claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins"). Indeed, it is customary for district courts to stay all party obligations, including the Rule 26(f) conference, joint preliminary report and discovery plan, and initial disclosures pending ruling on a motion to dismiss. *See, e.g., O'Neill v. NYU Langone Medical Center*,

2022 WL 18779524, at *2 (N.D. Ga. July 20, 2022) (staying Rule 26(f) conference, joint preliminary report and discovery plan, and exchange of initial disclosures pending ruling on motion to dismiss); *Sherwood v. Horizon Actuarial Services, LLC*, 2022 WL 18460459, at *2 (N.D. Ga. Nov. 28, 2022) (staying all discovery-related proceeding, including initial disclosure and joint preliminary report and discovery plan obligations, pending ruling on motion to dismiss).

It is especially important for the Court to stay discovery in this case because, based on the policy-type allegations in Plaintiffs' complaint, the scope of discovery (including that produced by initial disclosures) would be vast. In sum, Defendant has moved for dismissal of all claims against them, and an order staying the proceedings will protect it from the burden of responding to potentially unnecessary discovery should the motion be granted.

## CONCLUSION

For the foregoing reasons, Defendant requests the Court stay the proceedings, including all disclosures and planning conferences, in this matter until Defendant's motion to dismiss is adjudicated.

Respectfully submitted this 29th day of July, 2024.

**HALL BOOTH SMITH, PC**

*/s/ R. David Ware*
R. DAVID WARE
Georgia Bar No. 737756
RUSSELL A. BRITT
Georgia Bar No. 391024
M. BLAKE WALKER
Georgia Bar No. 993236
*Attorneys for Defendant*

191 Peachtree Street, NE,
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000
dware@hallboothsmith.com
rbritt@hallboothsmith.com
bwalker@hallboothsmith.com

## LOCAL RULE 7.1D CERTIFICATE

This submission was prepared using Century Schoolbook 13-point font.

## CERTIFICATE OF SERVICE

I certify that I filed the forgoing document with the Court's CM/ECF System, which will send electronic notification to all counsel of record.

**HALL BOOTH SMITH, PC**

*/s/ R. David Ware*
R. DAVID WARE
Georgia Bar No. 737756
*Attorney for Defendants*

191 Peachtree Street, NE,
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000
dware@hallboothsmith.com